UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

VINCENT S. LONG,

                                        Plaintiff,
                                                            9:17-cv-0916
v.
                                                            (GLS/TWD)

ANTHONY J. ANNUCCI; N. DOLDO; M.
MONTROY; L. MOORE; M. NITSHKE;
TAYLOR; L. SCHABER; and D. DINELLO,

                                        Defendants.
───────────────────────────────────────────

APPEARANCES:                            OF COUNSEL:

VINCENT S. LONG
Plaintiff, *pro se*
9 Howell Street
Bath, New York 14810

BARBARA D. UNDERWOOD                    MATTHEW P. REED, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge


## ORDER AND REPORT-RECOMMENDATION

## I.    INTRODUCTION

        Plaintiff, Vincent S. Long, formerly an inmate in custody of the New York State

Department of Corrections and Community Supervision ("DOCCS"), commenced this *pro se*

civil rights action alleging violations of 42 U.S.C. § 1983, the American with Disabilities Act of

1990, 42 U.S.C. §§ 12132-12134 ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794

("Rehabilitation Act") during his confinement at Cape Vincent Correctional Facility ("Cape

Vincent"). (Dkt. No. 1.) The following claims survived initial review under 28 U.S.C. §

1915(e): (1) ADA and Rehabilitation Act claims against Defendant DOCCS Commissioner

Anthony J. Annucci ("Annucci") in his official capacity; (2) Eighth Amendment conditions of

confinement claims against Cape Vincent Superintendent N. Doldo ("Doldo"), Deputy

Superintendent M. Montroy ("Montroy"), Counselor L. Moore ("Moore"), Counselor M. Nitshke

("Nitshke"), Counselor Taylor ("Taylor"), and Nurse L. Schaber ("Schaber"); (3) Fourteenth

Amendment due process claims against Doldo, Montroy, Moore, and Schaber; and (4) Eighth

Amendment medical indifference claims against Regional Medical Director for Cape Vincent

Dr. Dinello ("Dinello"), and Schaber.[1] (Dkt. No. 4 at 22.[2])

On February 28, 2018, Defendants filed a motion for partial dismissal of Plaintiff's

original complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. (Dkt. No. 16.) On September 18, 2018, the Hon. Gary L. Sharpe, Senior U.S.

District Judge, filed an Order granting Defendants' motion to dismiss in part and denying the

motion in part. (Dkt. No. 28.) The motion was granted as to the following claims which were

dismissed without prejudice: (1) Plaintiff's Eighth Amendment conditions of confinement claim

related to the ASAT dorm against Defendant Montroy for failure to allege facts showing

personal involvement; (2) Plaintiff's Eighth Amendment conditions of confinement claim related

---

[1] Plaintiff's ADA and Rehabilitation Act claims against Defendants in their individual capacities were dismissed with prejudice on initial review. (Dkt. No. 4 at 22.) Plaintiff's First Amendment claims for denial of access to courts and free exercise of religion were dismissed without prejudice, and the Defendant Cape Vincent Deputy Director of Programs, John McLaughlin, was terminated as a defendant for lack of personal involvement. *Id*. at 16-18, 20.

[2] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

to the infirmary against Defendants Doldo, Moore, and Schaber for failure to allege facts showing personal involvement and Montroy for failure to state a claim; (3) Plaintiff's Fourteenth Amendment due process claim relating to his placement in the infirmary against Defendants Doldo, Montroy, Moore, and Schaber for failure to allege facts showing personal involvement; and (4) Plaintiff's Eighth Amendment medical indifference claim against Defendant Schaber for failure to state a claim. *Id*. at 2; Dkt. No. 19. The motion was denied as to Plaintiff's (1) Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendant Doldo; and (2) Eighth Amendment medical indifference claim against Defendant Dinello. *Id*. at 2-3. Defendants did not seek dismissal of the ADA and Rehabilitation Act claims asserted against Defendant Annucci, or the Eighth Amendment conditions of confinement claims related to the ASAT dorm against Defendants Nitshke and Taylor, and those claims remain in the action. (*See* Dkt. Nos. 4, 16.)

Judge Sharpe ordered that the amended complaint Plaintiff had filed on September 13, 2018 (Dkt. No. 27), supersede and replace the original complaint in its entirety and referred the amended complaint to this Court for screening. (Dkt. No. 28.)

## II.    AMENDED COMPLAINT

The factual allegations and claims in Plaintiff's amended complaint largely track those in his initial complaint and will, therefore, not be repeated herein except to the extent necessary to analyze the sufficiency of Plaintiff's amended complaint.[3]  (*Compare* Dkt. Nos. 1 and 27.)

---

[3]  The relevant facts derived from Plaintiff's original complaint are set forth in this Court's Order and Report-Recommendation on Defendants' Rule 12(b)(6) motion for partial dismissal of the complaint, and the Court invites reference thereto. (Dkt. No. 19.)

III.    **LEGAL STANDARD**

28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court

shall dismiss the case at any time if the court determines that . . . the action

. . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action

in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity" and must "identify cognizable claims or dismiss the complaint, or any

portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim

upon which relief can be granted; or . . . seeks monetary relief against a person who is immune

from such relief."  28 U.S.C. § 1915A.

In reviewing a *pro se* complaint, the Court has the duty to show liberality towards *pro se*

litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme

caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has

been served and both parties (but particularly the plaintiff) have had an opportunity to respond."

*Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a

court should not dismiss a complaint if the Plaintiff has stated "enough facts to state a claim that

is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  Although the Court should construe the factual allegations in the light

most favorable to Plaintiff, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not "show[n] that the pleader is entitled to relief." *Id.* at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotations marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## IV.    ANALYSIS

The sole claims remaining after Judge Sharpe's Decisions and Orders on initial review and Defendants' motion for partial dismissal of Plaintiff's original complaint are: (1) ADA and Rehabilitation claims against Defendant Annucci solely in his official capacity; (2) Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendants Doldo, Nitshke, and Taylor; and (3) Eighth Amendment medical indifference claim against Defendant Dinello. (Dkt. Nos. 4 and 28.)

### A.    Comparison of Facts and Claims in Plaintiff's Original and Proposed Amended Complaints

As noted above, the statement of facts in Plaintiff's proposed amended complaint is virtually identical to that in his original complaint. Plaintiff has, however, added to his statement of facts paragraph 23, which alleges "7/16/2004 prescribed boots and orthotics by DOCCS at

Altona C.F. . . . also for paragraph 21 . . . There are more records to show orthotics were issued. They are on order from DOCCS.they were part of other lawsuit and appointed attorneys have them . . ."  (Dkt. No. 27 at ¶ 23.[4]) (unaltered text).

Plaintiff's statement of claims is also identical to that in his original complaint except for: (1) the addition of Fourteenth Amendment equal protection claims to his original four claims; (2) additional allegations in his fourth claim regarding medical boots and orthotics; and (3) the addition of a fifth claim against Schaber with regard to her denial of Plaintiff's request for orthotics when he arrived at Cape Vincent in March 2014, based upon the existence of a July 16, 2004, prescription for boots and orthotics for plantar fasciitis in his medical file.  (*Compare* Dkt. Nos. 1 at ¶¶17-20 and 27 at ¶¶17-22.)

### B.    Sufficiency of the Claims Realleged in Plaintiff's Proposed Amended Complaint

Inasmuch as the factual allegations and statements of claim are essentially the same in the amended complaint as in the original complaint with regard to the following claims previously dismissed for lack of personal involvement, the Court finds that those claims remain deficient and recommends dismissal without further leave to amend, on the same grounds:  (1) Eighth Amendment conditions of confinement in the ASAT dorm against Defendant Montroy; (2) Fourteenth Amendment due process claim regarding being confined to the infirmary against Defendants Doldo, Montroy, Moore, and Schaber; (3) Eighth Amendment conditions of confinement claim related to the infirmary against Defendants Doldo, Moore, and Schaber.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . .

---

[4]  Paragraph numbers are used where documents identified by CM/ECF docket number contain consecutively numbered paragraphs.

§ 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."); *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")  Therefore, the Court recommends dismissal of those claims on initial review for failure to state a claim.

The Court finds that Plaintiff has also failed to correct the deficiencies that led to the dismissal on Defendants' motion to dismiss of his Eighth Amendment conditions of confinement claim related to confinement in the infirmary alleged against Defendant Montroy, and his Fourteenth Amendment due process claim regarding being confined to the infirmary against Defendants Doldo, Montroy, Moore, and Schaber.  (*See* Dkt. Nos. 19 at 14-18; 28.)  Therefore, the Court also recommends dismissal of those claims on initial review for failure to state a claim.

Plaintiff has attempted to bolster his Eighth Amendment medical indifference claims against Schaber with new factual allegations and a fifth claim in his amended complaint.  As noted above, Plaintiff alleges the existence of a July 16, 2004, prescription for boots and orthotics in his medical records at the time he arrived at Cape Vincent in March 2014.  (Dkt. No. 27 at ¶¶ 21, 23.)  Plaintiff also alleges with regard to having his medically prescribed boots taken away from him that:

> There are no legal medical documents to show Dr. Perrier told Dr. Palao or NR Schaber to take away medically prescribed boots and orthotics made for plaintiffs plantar Fasciitis that were issued on 4/4/14.NA Dr. Perrier noted after NR Schaber added life in med. Boots without consulting him.  "Please contact surgeon before adjusting limb length after hip replacement."  Then after NR took away medically prescribed boots, plaintiff got to go back to Dr. Perrier and he prescribed another pair of medical boots for Plantar Fasciitis without the lift Schaber had installed without his consultation . . .NR Schaber said Dr, Perrier told her to take away boots,, Dr. Perrier Said I would not tell her that and I would not lie to my patient. This is cruel and unusual treatment, denying or

> delaying medical treatment8th amendment cruel and unusual
> punishment. Violation of 14th amendment equal protection and
> ADA Title II sec 504 disability discrimination.EX-31-39,,EX
> 154,,EX 121A,,EX 114,, EX 120,,"

*Id*. at ¶ 20. (unaltered text).

The Court finds that Plaintiff's additional factual allegations do not cure the deficiencies that led to the dismissal of his medical indifference claims against Schaber on Defendants' motion to dismiss.  Plaintiff originally claimed that Schaber was medically indifferent to his serious medical needs by: (1) denying him permission to purchase his own orthotics in May 2014; (2) keeping him from seeing a doctor for thirty days while in the ASAT dorm; and (3) taking away his medical boots vindictively on December 2, 2015.  (Dkt. No. 1 at ¶¶ 35, 120.)

On the motion to dismiss, Plaintiff was found by the Court to have failed to make a plausible showing of deliberate indifference with regard to his claim that Schaber denied his May 28, 2014, request to obtain his own insoles.  (Dkt. No. 19 at 20-21.)  The finding was based in part on a Central Office Review Committee ("CORC") finding in its January 14, 2015, determination on Plaintiff's grievance that "orthotic footwear is provided by a vendor under state contract and there is no provision in HSPM #18 for [Plaintiff] to select, order, or purchase them from a catalog." (Dkt. No. 1-1 at 26.[5])  In addition, Plaintiff alleges in his amended complaint that on May 28, 2014, he received a letter from Schaber informing him that he could not order his own orthotics and had to get them from the facility.  (Dkt. No. 27 at ¶ 37.)  There are no factual allegations that Schaber was authorized to, or made the decision that Plaintiff could not

---

[5]  Plaintiff has not included the exhibits to his original complaint in his proposed amended complaint.  (*See* Dkt. No. 1 at 1-1 and 1-2).  However, because Plaintiff has made reference to the exhibits in his amended complaint and, therefore presumably intends them to be part of that pleading, the Court has considered them in its initial review.  (Dkt. No. 27 at ¶ 20.)  *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (court may any written documents attached to the complaint in determining whether a claim has been stated).

order his own orthotics, and her position is supported by the CORC determination.  Therefore, adding allegations to the amended complaint that Plaintiff had been prescribed boots and orthotics at Altona in July 2004 is simply not sufficient to resurrect his claims regarding the orthotics.

As noted in this Court's Report-Recommendation on Defendants' motion to dismiss, Plaintiff's own allegations show that he received medical treatment during his time in the ASAT dorm.  (Dkt. Nos. 1 at 11-12; 19 at 21.)  Plaintiff's amended complaint, being virtually identical to his original complaint on the issue, has not corrected the deficiencies which led to dismissal.

The Court finds that Plaintiff's additional allegations regarding Schaber vindictively taking away his medical boots in December 2015 also fail to correct the deficiencies in his original complaint.  There is absolutely nothing beyond Plaintiff's conclusory assertion that Schaber was acting vindictively in taking away Plaintiff's medical boots.  Conclusory assertions are inadequate to state a claim.  *See Colon v. Green*, No. 9:03-CV-1535 (LEK/DRH), 2005 WL 2452543, at *2 (N.D.N.Y. Sept. 30, 2005)[6] (conclusory allegations of deliberate indifference on a claim under the Eighth Amendment fail to state a claim).  Moreover, as explained in the Court's Report-Recommendation on Defendants' motion to dismiss, Defendant Doldo's decision on Plaintiff's appeal of Grievance CV-10358-15, seeking prescribed medical boots, notes that Dr. Perrier, who had done Plaintiff's hip replacement surgery, "recommended the boots with the lift be replaced with a pair of regular boots in order to correct the length issues of [Plaintiff's] legs post surgery."  (Dkt. No. 1-2 at 9.)  Based upon the foregoing, the Court finds that Plaintiff

---

[6] Copies of all unpublished decisions cited herein will be provided to Plaintiff in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

has again failed to state an Eighth Amendment medical indifference claim against Schaber and recommends dismissal.

In sum, because Plaintiff has failed to correct the deficiencies in the claims dismissed on Defendants' Rule 12(b)(6) motion, the Court recommends that the following claims alleged in Plaintiff's proposed amended complaint be dismissed on the same grounds relied upon by Judge Sharpe in the prior dismissal: (1) Plaintiff's Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendant Montroy; (2) Plaintiff's Eighth Amendment conditions of confinement claim related to the infirmary against Defendants Doldo, Moore, and Schaber; (3) Plaintiff's Fourteenth Amendment due process claim relating to his placement in the infirmary against Defendants Doldo, Montroy, Moore, and Schaber; and (4) Plaintiff's Eighth Amendment medical indifference claim against Defendant Schaber for failure to state a claim. (Dkt. Nos. 19; 28 at 2.)

### C.    Newly Alleged Equal Protection Claim

In his proposed amended complaint, Plaintiff has added a Fourteenth Amendment equal protection claim to each of his four original claims.  (Dkt. No. 27 at ¶¶17-20.)  The Equal Protection Clause of the Fourteenth Amendment requires the government to treat all similarly situated people alike.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  The Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, *or malicious or bad faith intent to injure a person*.'"  *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980) (emphasis added).  To state a viable claim for denial of equal protection, a plaintiff

must generally allege "purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995).

If an individual cannot "allege membership in [a protected] class, he or she can still prevail in . . . a class of one equal protection claim." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005) (quotation marks and citations omitted), *overruled on other grounds, Enquist v. Or. Dep't of Agric.*, 533 U.S. 591 (2008). In order to succeed, a plaintiff must show "that [he was] intentionally treated differently from other similarly-situated individuals without any rational basis." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 158-59 (2d Cir. 2006); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Although not clear from the allegations in Plaintiff's proposed amended complaint, the Court has assumed for purposes of this review that he claims that his various disabilities placed him in a protected class. "Unless a classification trammels fundamental personal rights or is drawn upon inherent suspect distinctions such as race, religion or alienage," it is presumed that a distinction is constitutional as long as they are "rationally related to a legitimate state interest." *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976). "Persons with disabilities are not a suspect class and review of their equal protection claims are subject to rational basis review." *Marino v. City University of N.Y.*, 18 F. Supp. 3d 320, 340 (E.D.N.Y. 2014) (citing *City of Cleburne, Tex.,* 473 U.S. at 439).

Plaintiff's claim, therefore must be assessed as a "class of one" equal protection claim. *See Kaiser v. Highland Cent. Sch. Dist.*, No. 1:08-CV-0436 (LEK/RFT), 2008 WL 5157450, at *2 (N.D.N.Y. Dec. 8, 2008) (finding that "a plaintiff asserting an Equal Protection claim under 42 U.S.C. §1983 based on disability discrimination is asserting a 'class of one' Equal Protection claim . . ."); *Marino*, 18 F. Supp. 3d at 340. In order to state a "class of one" equal protection

11

claim, Plaintiff is required to set forth facts plausibly showing that (1) he has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for the difference in treatment. *See Village of Willowbrook*, 528 U.S. at 564. To prevail on a "class of one" claim, a plaintiff must allege an "extremely high" level of similarity with the person to whom plaintiff is comparing himself. *Neilson,* 409 F.3d at 104. Moreover, the circumstances must be "prima facie identical" to the other person. *Id*. at 105. Plaintiff has identified no other inmate who experienced circumstances similar to any of those allegedly experienced by Plaintiff and was intentionally treated differently than Plaintiff. Therefore, the Court finds that Plaintiff has failed to state a claim for violation of the Fourteenth Amendment Equal Protection Clause and recommends dismissal.

### D.    Leave to Amend

The Court is cognizant of its duty to read *pro se* pleadings liberally and construe them to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Judge Sharpe granted Plaintiff the opportunity to amend his original complaint with regard to the claims dismissed on Defendants' motion for partial dismissal of his original complaint. (Dkt. No. 37.) As noted above, Plaintiff has relied almost entirely on the same facts set forth in his original complaint in reasserting the previously dismissed claims in his amended

complaint.  In addition, his statement of those claims is virtually identical in his original and amended complaints.  Based upon Plaintiff's failure to correct any of the deficiencies in his original complaint, the Court has concluded that even a liberal reading of the amended complaint gives no indication that given a third opportunity Plaintiff would be able to state a valid claim as to any of those previously dismissed claims. Therefore, the Court recommends that the following claims be dismissed with prejudice: (1) Plaintiff's Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendant Montroy; (2) Plaintiff's Eighth Amendment conditions of confinement claim related to the infirmary against Defendants Doldo, Moore, and Schaber; (3) Plaintiff's Fourteenth Amendment due process claim relating to his placement in the infirmary against Defendants Doldo, Montroy, Moore, and Schaber; and (4) Plaintiff's Eighth Amendment medical indifference claim against Defendant Schaber, for failure to state a claim.

Because Plaintiff has not yet been given an opportunity to amend his equal protection claims, the Court recommends that those claims be dismissed with leave to amend but only in the event Plaintiff is able to satisfy the requirement that he identify the similarly situated person or persons whose different treatment he is comparing with his own.

## V.     CLAIMS REMAINING IN THE ACTION

In the event Judge Sharpe accepts this Court's Report-Recommendation, the only claims remaining in this lawsuit, absent Plaintiff's ability to successfully amend his equal protection claims, will be Plaintiff's: (1) ADA and Rehabilitation claims against Defendant DOCCS Commissioner Anthony J. Annucci ("Annucci") in his official capacity; (2) Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendants Doldo, Nitshke, and Taylor; and (3) Eighth Amendment medical indifference claim against Defendant Dinello.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that responses be required to the following claims in Plaintiff's amended complaint (Dkt. No. 27): (1) claims under the ADA and Rehabilitation Act against Defendant Annucci solely in his official capacity; (2) Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendant Doldo, Nitshke, and Taylor; and (3) Eighth Amendment medical indifference claim against Defendant Dinello; and it is further

**RECOMMENDED** that the following claims in Plaintiff's amended complaint (Dkt. No. 27) be **DISMISSED WITH PREJUDICE**: (1) Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendant Montroy; (2) Eighth Amendment conditions of confinement claim related to the infirmary against Defendants Doldo, Moore, and Schaber; (3) Fourteenth Amendment due process claim relating to his placement in the infirmary against Defendants Doldo, Montroy, Moore, and Schaber; and (4) Eighth Amendment medical indifference claim against Defendant Schaber; and it is further

**RECOMMENDED** that Plaintiff's claims for violation of his right to equal protection under the Fourteenth Amendment be **DISMISSED** as against all Defendants with leave to amend within thirty (30) days of the filing of Judge Sharpe's Decision and Order on this Court's Report-Recommendation, and that in the event Plaintiff does not file a further amended complaint, that the case be dismissed with prejudice as against Defendants Montroy, Moore, Schaber; and it is hereby

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[1]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   October 16, 2018
          Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[1] If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

2005 WL 2452543
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Danny COLON, Plaintiff,

v.

Superintendent GREEN, Great Meadow
Correctional Facility; K. Holden, Corrections
Officer at Great Meadow Correctional Facility; P.
Millington, Corrections Officer at Great Meadow
Correctional Facility; J. McCarthy, Corrections
Officer at Great Meadow Correctional Facility;
K. Smith, at Great Meadow Correctional Facility;
A. Kirkley, Corrections Officer at Great Meadow
Correctional Facility; M. Bezio, Corrections
Officer at Great Meadow Correctional Facility;
S. Reams, Corrections Officer at Great Meadow
Correctional Facility; T. Nasmith, Registered
Nurse at Great Meadow Correctional Facility;
R. Doling; John Doe, Medical Administrator
at Great Meadow Correctional Facility; and
Deputy Supt. Vanguilder,[1] Defendants.
Danny COLON, Plaintiff,

v.

Superintendent GREEN, Great Meadow
Correctional Facility; K. Holden, Corrections
Officer at Great Meadow Correctional Facility; P.
Millington, Corrections Officer at Great Meadow
Correctional Facility; J. McCarthy, Corrections
Officer at Great Meadow Correctional Facility;
K. Smith, at Great Meadow Correctional Facility;
A. Kirkley, Corrections Officer at Great Meadow
Correctional Facility; M. Bezio, Corrections
Officer at Great Meadow Correctional Facility;
S. Reams, Corrections Officer at Great Meadow
Correctional Facility; T. Nasmith, Registered
Nurse at Great Meadow Correctional Facility;
R. Doling; John Doe, Medical Administrator
at Great Meadow Correctional Facility; and
Deputy Supt. Vanguilder,[1] Defendants.

No. 9:03-CV-1535(LEKDRH).
|

Sept. 30, 2005.

**Attorneys and Law Firms**

Danny Colon, No. 96-A-2756, Southport Correctional
Facility, Pine City, New York, Plaintiff pro se.

Hon. Eliot Spitzer, New York State Attorney General,
Office of the Attorney General, The Capitol, Albany, New
York, for Defendants, of counsel.

Deborah A. Ferro, Assistant Attorney General, of
counsel.

*DECISION AND ORDER*

KAHN, J.

***1** This matter comes before the Court following a
Report-Recommendation filed on September 15, 2005, by
the Honorable David R. Homer, United States Magistrate
Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of
the Northern District of New York.

Within ten days, excluding weekends and holidays, after
a party has been served with a copy of a Magistrate
Judge's Report-Recommendation, the party "may serve
and file specific, written objections to the proposed
findings and recommendations," Fed.R.Civ.P. 72(b), in
compliance with L.R. 72.1. In the interval of at least ten
days since the Magistrate Judge filed the subject Report-
Recommendation, no objections to it have been raised.
Furthermore, after examining the record, the Court
has determined that the Report-Recommendation is not
subject to attack for plain error or manifest injustice.[2]

Accordingly, it is hereby

ORDERED, that the Report-Recommendation is
APPROVED and ADOPTED in its ENTIRETY; and it
is further

ORDERED, that Defendant Van Guilder's Motion to
Dismiss (Dkt. No. 15) is GRANTED; and it is further

ORDERED, that the Clerk serve a copy of this order on
all parties.

IT IS SO ORDERED.

REPORT-RECOMMENDATION AND ORDER [2]

HOMER, Magistrate J.

Plaintiff pro se Danny Colon ("Colon"), an inmate in the custody of the New York State Department of Correctional Services (DOCS), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, twelve DOCS employees, violated his rights under the First, Eighth, and Fourteenth Amendments. Am. Compl. (Docket No. 5). Presently pending is defendant Van Guilder's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Docket No. 15. Colon opposes the motion. Docket No. 23. For the following reasons, it is recommended that Van Guilder's motion be granted.

## I. Background

The facts as alleged in the amended complaint are assumed to be true for the purposes of this motion. *See* Section II(A) *infra* .

On October 8 and 15, 2002, while in keeplock status [3] at Great Meadow Correctional Facility, Colon was mistakenly permitted to eat meals with general population inmates which placed him at risk of assault. Am. Compl. at ¶¶ 14-15, 23, 39-40. On October 15, 2002, defendant Holden threatened Colon that if he did not withdraw a civil rights complaint against Holden's colleagues, Colon would be injured or a weapon would be planted in his cell. *Id.* at ¶ 19. When Colon did not terminate the lawsuit, Holden paid another inmate to assault Colon. *Id.* at ¶ 20. As a result of the assault, Colon suffered cuts, lacerations, and was sent to the emergency room where defendant Nasmith sutured a cut in Colon's lip without wearing gloves and failed to treat his other injuries. *Id.* at ¶ 22.

On October 15, 2003, when Colon was escorted back to his cell from the facility hospital, defendant Millington threatened Colon. Am. Compl. at ¶ 24. Millington and Holden planted three razor blades in Colon's cell which resulted in misbehavior reports. *Id.* at ¶¶ 25-28. During the ensuing disciplinary hearing, defendant Bezio kicked Colon in the head and defendant Doling, the hearing officer, did not allow Colon to present a defense and removed him before completion of the hearing. *Id.* at ¶¶

29-30, 32. Colon was taken to the facility hospital where an x-ray was taken of his hand, but Nasmith did not treat an injury to his back or right leg. *Id.* at ¶ 33. Colon was found guilty and sentenced to a total of 180 days confinement. *Id.* at ¶ 34. At a second disciplinary hearing on October 29, 2003, defendant Smith was appointed to assist Colon but refused to allow Colon the opportunity to present a defense. *Id.* at ¶ 34-35. Several complaints and grievances made by Colon regarding these events were ignored. *Id.* at ¶¶ 27, 31, 36. This action followed.

## II. Discussion

### A. Motion to Dismiss Standard

**\*2** Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers. [4] *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion. *Lugo v. Senkowski,* 114 F.Supp.2d 111, 113 (N.D.N.Y.2000) (Kahn, J.) (citing *Ward v. Johnson Controls, Inc.,* 693 F.2d 19, 22 (2d Cir.1982)). This is true even if "the plaintiff is unlikely to prevail unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him to relief." *Id.* "This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation." *Id.* (quoting *Eastman v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991)).

### B. Conclusory Allegations

Van Guilder contends that Colon's allegations that he showed deliberate indifference are entirely conclusory and fail to state a claim. In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege that the deprivation was "objectively, sufficiently serious." *Gaston v. Coughlin,* 249 F .3d 156, 164 (2d Cir.2001) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Second, a defendant must have a sufficiently culpable state of mind of deliberate indifference to inmate health or safety. *Farmer,* 511 U.S. at 834; *Gaston,* 294 F.3d at 164.

Here, while Colon alleges that Van Guilder was aware that corrections staff was assaulting him, he fails to allege specific facts to support how Van Guilder had such knowledge. In fact, Colon merely states that Van Guilder showed deliberate indifference. A complaint that lacks specific factual allegations concerning a defendant's personal involvement should be dismissed. *Liffiton v. Keuker,* 850 F.2d 73, 76 (2d Cir.1988). These conclusory allegations alone are insufficient to overcome a motion to dismiss in a civil rights action. *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987).

Therefore, it is recommended that Van Guilder's motion on this ground be granted.

### C. Personal Involvement

VanGuilder also contends that Colon fails to allege his personal involvement. To establish liability under § 1983, a plaintiff must demonstrate that the alleged deprivation of federal rights was committed by a person acting under "color of state law." 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48-49 (1988). A prerequisite to establishing this liability is the personal involvement of the defendants in the alleged deprivation. Generally, liability cannot be imposed on a state official for damages under § 1983 solely by the fact that he is a supervisor because respondeat superior liability does not exist under § 1983. *Blyden v. Mancusi,* 186 F.3d 252, 264 (2d Cir.1999). However, a defendant supervisor is personally involved if he or she has (1) directly participated in the infraction, (2) failed to remedy the wrong after learning of the violation, (3) created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue, or (4) was grossly negligent in managing

subordinates who caused the unlawful condition or event. *Williams v. Smith,* 781 F.2d 319, 323-24 (2d Cir.1986).

**\*3** Here, the only allegation made by Colon as to Van Guilder's involvement is that Van Guilder exercised deliberate indifference by the actions of his corrections staff in violating DOCS directives, policies, and procedures, refusing to respond to his grievances and complaints, and that he was aware that corrections staff was assaulting him. Am. Compl. at ¶ 45. This is insufficient to allege personal involvement because it is based solely on Van Guilder's supervisory position. In addition, Colon's allegations that Van Guilder showed deliberate indifference by refusing to respond to his grievances and complaints are insufficient to allege personal involvement. Pl. Response in Opp'n (Docket No. 23) at 4 (unnumbered). "The general rule is that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violation." *Joyner v. Greiner,* 195 F.Supp.2d 500, 506-07 (S.D.N.Y.2002).

Therefore, it is recommended in the alternative that VanGuilder's motion on this ground be granted.

### III. Conclusion

For the reasons stated above, it is hereby RECOMMENDED that defendant Van Guilder's motion to dismiss (Docket No. 15) be GRANTED; and that the amended complaint be DISMISSED as to defendant Van Guilder.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Secretary of HHS,* 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 2452543

Footnotes

1    As noted by Magistrate Judge Homer in the Report-Recommendation (Dkt. No. 45), this spelling of Defendant Van
     Guilder's name mirrors the caption of the amended complaint. The correct spelling is "Van Guilder", Defendant's Mem.
     of Law (Dkt. No. 15) at 7, and it is so spelled in this Decision and Order.

2    The Court does note one item, though. On page 5 of the Report-Recommendation, Magistrate Judge Homer discusses
     the two-prong test for stating a claim of a violation of the Eighth Amendment. Report-Recommendation (Dkt. No. 45) at
     5. In doing so, the Report-Recommendation states that under the second prong, "a defendant must have a sufficiently
     culpable state of mind of deliberate indifference to inmate health or safety." *Id.* (citing *Gaston v. Coughlin,* 249 F.3d 156,
     164 (2d Cir.2001); *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). In prison-condition cases, a deliberate indifference to
     inmate health or safety is the culpable state of mind test. *See Farmer,* 511 U.S. at 834. However, deliberate indifference
     to inmate security is not necessarily the only type of culpable state of mind in all Eighth Amendment cases. *See Gaston,*
     249 F.3d at 164 ("... *such as* deliberate indifference to inmate health or safety") (emphasis added). In the case at Bar this
     distinction does not impact on the Court's determination, but it is a distinction that the Court feels should be noted.

1    As spelled in the caption of the amended complaint. Am. Compl. (Docket No. 5). It appears that the correct spelling is
     "Van Guilder." *See* Defs. Mem. of Law (Docket No. 15) at 7. The correct spelling will be utilized herein.

2    This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and
     N.D.N.Y.L.R. 72.3(c).

3    "[K]eeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of
     participation in normal prison activities." *Green v. Bauvi,* 46 F.3d 189, 192 (2d Cir.1995); N.Y. Comp.Codes R. & Regs.
     tit. 7, § 301.6 (2005).

4    Although entitled to such solicitude, Colon has some litigation experience, having filed at least three other federal actions
     since 2001. *See* U.S. Party/Case Index (visited July 12, 2005) <http:// pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>

---

**End of Document**                                              © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2008 WL 5157450
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Mark G. KAISER, Plaintiff,
v.
HIGHLAND CENTRAL SCHOOL DISTRICT,
John McCarthy, Jo Burruby, Joel Freer, sued
in their individual capacities, Defendants.

No. 1:08–CV–0436 (LEK/RFT).
|
Dec. 8, 2008.

West KeySummary

1    **Constitutional Law**
     👈 Employees
     **Education**
     👈 Grounds for removal or other adverse
     action
     **Public Employment**
     👈 Discrimination in general

Claimant's equal protection claim against his
employer, a school district, was barred due
to claimant's lack of protection as a "class
of one" under the Equal Protection Clause.
Claimant claimed that agents of the employer
violated his equal protection rights because
they discriminated against him based on his
disability or perceived disability. However,
the Supreme Court had previously held that
the Equal Protection Clause did not apply
to a public employee asserting a violation of
the Equal Protection Clause under a "class of
one" theory. U.S.C.A. Const.Amend. 14; 42
U.S.C.A. § 1983.

     10 Cases that cite this headnote

**Attorneys and Law Firms**

Michael H. Sussman, Office of Michael H. Sussman,
Goshen, NY, for Plaintiff.

Mark C. Rushfield, Shaw, Perelson Law Firm,
Poughkeepsie, NY, for Defendants.

*DECISION AND ORDER*

LAWRENCE E. KAHN, District Judge.

**\*1** Presently before the Court is a Motion for judgment
on the pleadings pursuant to Federal Rule of Civil
Procedure 12(c), filed by Defendants on August 25,
2008, seeking the dismissal of claims against Defendants
John McCarthy, Jo Burruby and Joel Freer ("Individual
Defendants"). Dkt. No. 15. Defendants argue that the
Complaint fails to state a federal claim against the
Individual Defendants under the Equal Protection Clause
and 42 U.S.C. § 1983 and that the Court should
decline the exercise of supplemental jurisdiction over the
Plaintiff's claims against these defendants under New
York Executive Law § 296(6). Plaintiff has filed a notice
of his decision not to oppose the Motion. Dkt. No. 20.

**I. Background**
Plaintiff Mark G. Kaiser filed the Complaint on April 21,
2008, asserting two claims against Defendant Highland
Central School District ("District") for discrimination
because of Plaintiff's disability under Title I of
the Americans with Disabilities Act ("ADA") and
under Section 296 of the New York Human Rights
Law ("NYHRL"). Complaint at ¶ 39 (Dkt. No. 1).
The Complaint also asserts two claims against the
Individual Defendants in their individual capacities, for
discrimination because of Plaintiff's disability or perceived
disability under the Equal Protection Clause of the
Fourteenth Amendment and 42 U.S.C. § 1983 and
for "aiding and abetting discrimination against plaintiff
because of his disability and/or perceived disability" under
NYHRL § 296(6). Complaint ¶¶ 40–41.

The Individual Defendants argue that the Equal
Protection claim should be dismissed because the right
that Plaintiff asserts is not protected by the Equal
Protection Clause or, in the alternative, because the
Individual Defendants are entitled to qualified immunity.
Def's Mem. at 2–7 (Dkt. No. 15, Attach.4). They
also argue that the Court should decline to exercise
supplemental jurisdiction over the NYHRL § 296(6) claim
because of the unsettled nature of the state of the law

in New York and the potential confusion to the jury in resolving such claims. *Id.* at 7–11.

## II. Discussion

### A. Legal Standard

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enterprises,* 448 F.3d 518, 521 (2d Cir.2006). For a complaint to survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to suggest a plausible claim for relief. *Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). When deciding a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994).

Under Local Rule 7.1(b)(3) of the Local Rules of Practice for the Northern District of New York, "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers ... shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3). Here, Plaintiff has informed the Court that it does not oppose the Motion to dismiss. Dkt. No. 20. Therefore, the only remaining issue is whether Defendants have met the burden "to demonstrate entitlement to the relief requested." N.D.N.Y. L.R. 7.1(b)(3). This burden requires simply that Defendants' Motion to dismiss be "facially meritorious." *See, e.g., Hernandez v. Nash,* 2003 WL 22143709, at *2 (N.D.N.Y.2003); *Burns v. Trombly,* 2008 WL 2003804, at *7 (N.D.N.Y.2008).

### B. Equal Protection Claim

 **\*2** Plaintiff claims that the Individual Defendants violated his Equal Protection rights because they discriminated against him based on his disability or perceived disability. Complaint at ¶ 41. Disability and/ or perceived disability are not suspect or quasi-suspect classifications. *Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

Therefore, a plaintiff asserting an Equal Protection claim under 42 U.S.C. § 1983 based on disability discrimination is asserting a "class of one" Equal Protection claim, to which the courts apply rational basis analysis. *Price v. City of New York,* 264 Fed. Appx. 66, 68 (2d Cir.2008). However, in *Engquist v. Oregon Department of Agriculture,* the Supreme Court held that the Equal Protection Clause does not apply to a public employee asserting a violation of the Equal Protection Clause under a "class of one" theory. 553 U.S. 591, ——– ——, 128 S.Ct. 2146, 2155–57, 170 L.Ed.2d 975 (2008). The Court wrote, "[o]ur traditional view of the core concern of the Equal Protection Clause as a shield against arbitrary classifications, combined with unique considerations applicable when the government acts as employer as opposed to sovereign, lead us to conclude that the class-of-one theory of equal protection does not apply in the public employment context." 128 S.Ct. at 2151. The Second Circuit has since adopted this holding, explicitly overruling any contrary existing precedent. *Appel v. Spiridon,* 531 F.3d 138, 140 (2d Cir.2008). Plaintiff's Equal Protection claims are thus barred by the *Engquist* decision and must be dismissed.

### C. Supplemental Jurisdiction

Plaintiff's other claim against the Individual Defendants is under NYHRL § 296(6), for "aiding and abetting" acts of disability discrimination by the District. Under 28 U.S.C. § 1367(c), subsections 1 and 4, the Court may decline to exercise supplemental jurisdiction over Plaintiff's NYHRL § 296(6) claim if "(1) the claim raises a novel or complex issue of State law," or "(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Plaintiff's state law claim raises a split among New York courts on the question of individual liability under the HRL. *See Hockeson v. N.Y. State Office of Gen. Serv.,* 188 F.Supp.2d 215, 222–23 (N.D.N.Y.2002); *Lewis v. Triborough Bridge & Tunnel Auth.,* 77 F.Supp.2d 376, 380 n. 6 (S.D.N.Y.1999) ("The holding in *Tomka v. Seiler,* 66 F.3d 12 95 (2d Cir.1995) has engendered great disagreement among New York state courts"). Given that the New York courts are split on this issue, the Court declines to exercise supplemental jurisdiction over the state law claim. *See* 29 U.S.C. § 1367(c); *see also Houston v. National Fidelity Fin. Serv.,* 1997 WL 97839 * at 10 (S.D.N.Y.1997) (declining to exercise supplemental jurisdiction over individuals sued under § 296(6) of the HRL even where the claim involved a common nucleus of operative fact with the federal

Kaiser v. Highland Central School Dist., Not Reported in F.Supp.2d (2008)
Case 9:17-cv-00916-GLS-TWD    Document 29    Filed 10/16/18    Page 22 of 22
2008 WL 5157450

discrimination claim). Furthermore, the presence of an individual defendant who could be liable under state law for conduct that would not give rise to liability under federal law will create practical difficulties at trial and a considerable risk of jury confusion. *See Houston,* 1997 WL 97838, at *10. Thus, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.

### III. Conclusion

**\*3** Based on the foregoing discussion, it is hereby

**ORDERED,** that Defendants' Motion to dismiss (Dkt. No. 15) is **GRANTED;** and it is further

**ORDERED,** that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED** as against the individual Defendants John McCarthy, Jo Burruby, and Joel Freer; and it is further

**ORDERED,** that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

### All Citations

Not Reported in F.Supp.2d, 2008 WL 5157450

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.