**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**VINCENT S. LONG,**

                **Plaintiff,**                9:17-cv-916
                                                                (GLS/TWD)

                v.

**ANTHONY J. ANNUCCI et al.,**

                **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Vincent S. Long
*Pro Se*
9199 Greyton H. Taylor Memorial Drive
Hammondsport, NY 14840

**FOR THE DEFENDANTS:**
HON. BARBARA D. UNDERWOOD    MATTHEW P. REED
New York Attorney General              Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe
Senior District Judge**

## ORDER

On October 16, 2018, Magistrate Judge Thérèse Wiley Dancks

issued an Order and Report-Recommendation (R&R), which

recommended that (1) plaintiff *pro se* Vincent Long's claims based on an

alleged violation of his rights under the Equal Protection Clause of the Fourteenth Amendment be dismissed with leave to amend; (2) various other claims be dismissed with prejudice; and (3) responses be required for the remaining claims. (Dkt. No. 29 at 14.) Pending before the court are Long's timely objections to the R&R.[1] (Dkt. No. 30.)

Long does not raise any specific objections with the R&R's legal analysis. (*Id.*) As such, his objections trigger review for clear error only, of which the court finds none because Judge Dancks correctly analyzed the

---

[1] To the extent that Long objects to Judge Dancks' R&R dated July 26, 2018 and seeks permission to appeal the court's interlocutory order adopting the same, (Dkt. No. 30 ¶ 4), such requests are denied. First, even if such an objection was timely, the court has already reviewed Judge Dancks' previous R&R, found that it was free of clear error, and adopted it. (Dkt. No. 28.) Under 28 U.S.C. § 1292(b), the court may grant Long permission to appeal this interlocutory order if it determines that such order "involves a controlling question of law as to which there is substantial ground for difference of opinion" such that an immediate appeal from the order would "materially advance the ultimate termination of the litigation[.]" Section 1292(b) "confer[s] on district courts first line discretion to allow interlocutory appeals." *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) (footnote omitted). However, Long fails to address any part of the § 1292(b) inquiry, and an independent review of the relevant order, (Dkt. No. 28), indicates that none of the requirements warranting interlocutory appeal are met. Lastly, Long's requests for an attorney embedded within his objections, (Dkt. No. 30 ¶¶ 2, 7), are denied as duplicative. Long already has multiple pending motions to appoint counsel, which will be addressed by Judge Dancks in due course. (Dkt. Nos. 26, 31.)

sufficiency of Long's claims. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006). Accordingly, the R&R, (Dkt. No. 29), is adopted in its entirety.

If Long decides to file a second amended complaint addressing the deficiencies identified with his Equal Protection claims, (Dkt. No. 29 at 10-12), it must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Accordingly, it is hereby

**ORDERED** that the R&R (Dkt. No. 29) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 27) is dismissed as follows:

**DISMISSED WITH PREJUDICE** as it relates to Long's (1) Eighth Amendment conditions of confinement claim related to the ASAT dorm against M. Montroy; (2) Eighth Amendment conditions of confinement claim related to the infirmary against N. Doldo, L. Moore, and L. Schaber; (3) Fourteenth Amendment Due Process

claim related to his placement in the infirmary against Doldo, Montroy, Moore, and Schaber; and (4) Eighth Amendment medical indifference claim against Schaber; and

**DISMISSED WITH LEAVE TO AMEND** as it relates to Long's claims based on a violation of the Equal Protection Clause of the Fourteenth Amendment; and it is further

**ORDERED** that Long shall file a second amended complaint, in full compliance with this Order, no later than thirty (30) days from the date of this Order, and the Clerk shall dismiss this case with prejudice as against defendants Montroy, Moore, and Schaber without any further Order should he fail to do so; and it is further

**ORDERED** that, within the time allotted by the rules after a second amended complaint is filed or after such time to file a second amended complaint has lapsed, whichever is earlier, defendants shall file an appropriate responsive pleading to Long's (1) ADA and Rehabilitation Act claims against Anthony J. Annucci solely in his official capacity; (2) Eighth Amendment conditions of confinement claim related to the ASAT dorm against Doldo, M. Nitschke, and Taylor; and (3) Eighth Amendment medical indifference claim against D. Dinello; and it is further

**ORDERED** that the Clerk provide a copy of this Order to Long in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

December 21, 2018
Albany, New York

_Gary L. Sharpe_
Gary D. Sharpe
U.S. District Judge