UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT S. LONG,

                                     Plaintiff,

                                                                                                          9:17-cv-0916

v.

                                                                                                           (GLS/TWD)

ANTHONY J. ANNUCCI, et al.

                                 Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

VINCENT S. LONG
Plaintiff pro se
9919 Greyton H. Taylor Memorial Drive
Hammondsport, New York 14840

LETITIA JAMES                                    MATTHEW P. REED, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION

**I.     INTRODUCTION**

       Plaintiff's second amended complaint (Dkt. No. 37) has been referred to this Court for screening by the Hon. Gary L. Sharpe, Senior District Judge. Judge Sharpe previously referred an amended complaint filed by Plaintiff following a partial dismissal of his original complaint on a Rule 12(b)(6) of the Federal Rules of Civil Procedure, to this Court for screening. (Dkt. No. 27.) The <u>only</u> claims in the amended complaint not dismissed by the District Court after

screening were (1) claims under the American with Disabilities Act of 1990, 42 U.S.C. §§ 12132-12134 ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act") against Defendant Annucci solely in his official capacity; (2) Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendant Doldo, Nitshke, and Taylor; and (3) Eighth Amendment medical indifference claim against Defendant Dinello. (Dkt. No. 32 at 4.[1])

With the exception of a newly pleaded equal protection claim, all of the claims in Plaintiff's amended complaint that were dismissed on initial screening were dismissed with prejudice. *Id*. at 3-4. Those claims included Plaintiff's: (1) Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendant Montroy; (2) Eighth Amendment conditions of confinement claim related to the infirmary against Defendants Doldo, Moore, and Schaber; (3) Fourteenth Amendment due process claim relating to his placement in the infirmary against Defendants Doldo, Montroy, Moore, and Schaber; and (4) Eighth Amendment medical indifference claim against Defendant Schaber. *Id*.

Plaintiff's equal protection claims were also dismissed. *Id*. at 4. However, because the claims were newly pleaded in the amended complaint, Judge Sharpe dismissed the equal protection claims with leave to amend, ordering that "Long shall file a second amended complaint, in full compliance with this Order, no later than thirty (30) days from the date of this Order, and the Clerk shall dismiss this case with prejudice as against defendants Montroy, Moore, and Schraber without any further Order should he fail to do so." *Id*.

---

[1] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

Judge Sharpe's grant of leave to amend was narrowly limited to Plaintiff's equal protection claims.[2] *Id*. at 4.  Plaintiff's second amended complaint, which brings one previously dismissed Defendant back into the lawsuit, adds one new Defendant, adds new claims, and attempts to resurrect claims that have been dismissed with prejudice, clearly is not so limited. (Dkt. No. 37.)  Moreover, Plaintiff has failed to correct the deficiencies found in his equal protection claims in his amended complaint.  (See Dkt. No. 29 at 10-12.)

For reasons explained below, the Court recommends that: (1) the District Court reject Plaintiff's second amended complaint for filing (Dkt. No. 37); (2) the amended complaint (Dkt. No. 27), to the extent not previously dismissed (Dkt. No. 32), be deemed the operative pleading; (3) the action be dismissed with prejudice against Defendants Montroy, Moore, and Schaber in accordance with the District Court's prior Order (Dkt. No. 32); and (4) that the remaining Defendants be directed to respond to the Plaintiff's remaining claims in the amended complaint. (Dkt. No. 32.)

## II.    LEGAL STANDARD

28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

[2] Any attempt by Plaintiff to file an amended complaint that includes parties and claims that go beyond the scope of the Court's grant, must be done by a motion to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and N.D.N.Y. Local Rule 7.1(4).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief against a person who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing a *pro se* complaint, the Court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the Plaintiff has stated "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to Plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not "show[n] that the pleader is entitled to relief." *Id*. at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of

4

pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotations marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### III. ANALYSIS

#### A. Equal Protection Claim

The class of one equal protection claims asserted by Plaintiff in his amended complaint (Dkt. No. 27) were dismissed on the grounds that Plaintiff had failed to identify any other inmate who experienced circumstances with an extremely high level of similarity to those experienced by Plaintiff, and who was intentionally treated differently than Plaintiff. (Dkt. Nos. 29 at 10-12; 32 at 3-4.) The sole reference to equal protection in Plaintiff's second amended complaint is in his Fifth Cause of Action alleging a violation of his Fourteenth Amendment rights against Defendants Annucci, Doldo, Montroy, Moore, Nitschke, Taylor, Schaber, Dinello, Burnell, and McLaughlin for denial of reasonable accommodations causing Plaintiff to be incarcerated an additional 233 days thereby "depriving Plaintiff liberty without due process of law while also depriving Plaintiff equal protection under the law due to un-necessary pain and suffering guaranteed all citizens with disabilities by section one of the Fourteenth Amendment." (Dkt. No. 37 at ¶ 42.)

Plaintiff has failed to make any effort to correct the deficiencies identified in the equal protection claims that were dismissed on initial review for failure to state a claim. (Dkt. No. 29

5

at 14.)  Therefore, the Court recommends that Defendants Montroy, Moore, and Schaber be dismissed from the case.  (*See* Dkt. No. 32 at 4.)

      **B.**     **Defendants J. McLaughlin and R. Burrell**

          1.     <u>J. McLaughlin</u>

J. McLaughlin "McLaughlin" was Deputy Superintendent of Administration at Cape Vincent Correctional Facility ("Cape Vincent") upon Plaintiff's arrival at the institution in 2014, and was named as a Defendant in Plaintiff's original complaint.  (Dkt. No. 1 at ¶ 11.)  The sole allegations concerning McLaughlin in the original complaint were that: "at the beginning of the Plaintiff's stay at CVCF he denied my medical care and new of Plaintiffs medical conditions as of spring of 2014.  He could have looked in to Plaintiffs mobility disabilities and done something about it at that time."[3]  *Id*. at ¶¶ 11, 31.  Upon initial review of the complaint, Judge Sharpe concluded that Plaintiff had not alleged facts sufficient to plausibly suggest that McLaughlin had been personally involved in the misconduct alleged in the complaint and dismissed the complaint as against McLaughlin without prejudice for failure to state a claim in his October 25, 2017, Decision and Order.  (Dkt. No. 4 at 20-21.)

Plaintiff made no effort to file an amended complaint again naming McLaughlin as a Defendant until his second amended complaint filed on February 20, 2019, which is now before the Court for review.  (Dkt. No. 37.)   In his second amended complaint, Plaintiff's sole factual allegation against McLaughlin is that:

> Defendant J. McLaughlin was the initial Deputy Superintendent of
> Administration at Cape Vincent at Plaintiff's arrival and was the
> first Deputy Superintendent to ignore Plaintiff's requests for
> reasonable accommodation with regard to medical needs and
> programming needs.  On or about 4/14/14 Defendant McLaughlin
> responded to Plaintiff regarding his complaints related to sick call

---

[3] Unless otherwise noted, quoted material is included without revision.

> issues and assignment of mess hall work without reasonable accommodations. McLaughlin's initial policy of denying Plaintiff's disability needs shows the general lack of legal protections for inmates with disabilities and the unwillingness of DOCCS to comply with 1st and 14th Amendment privileges required by the Constitution. *Id*.

*Id*. at ¶ 5.[4]

The Court finds that even if attempting to bring McLaughlin back into the action as a Defendant fell within the limited scope of Judge Sharpe's leave to amend (Dkt. No. 32 at 4), Plaintiff has failed to correct the deficiencies that led to the dismissal of McLaughlin from the action for failure to state a claim upon initial review. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (setting forth the criteria for a finding of supervisory liability under 42 U.S.C. § 1983); Dkt. No. 4 at 20-21.

### 2. P. Burnell

P. Burnell, Deputy Superintendent of Administration at Cape Vincent, although mentioned in two factual allegations in Plaintiff's original complaint, is a newly named Defendant in Plaintiff's second amended complaint. (Dkt. No. 37 at ¶ 6.) The sole factual allegation regarding Burnell in Plaintiff's second amended complaint, is:

> Defendant P. Burnell was at all relevant times Deputy Superintendent of Administration at Cape Vincent and responsible for the operations of the medical Unit and its employees, as well as responsible for reviewing and/or answering all grievances related to the Medical Unit. On three separate occasions at least (6/20/14, 6/23/14 & 6/26/14 Defendant Burnell responded to Plaintiff's requests for reasonable accommodations without addressing Plaintiff's needs/requests and went so far as to suggest Plaintiff was somehow at fault for his pain and suffering.

*Id*. Therefore, as with McLaughlin, Plaintiff has failed to state a claim against Burrell.

---

[4] Paragraph numbers are used where documents identified by CM/ECF document number contain consecutively numbered paragraphs.

7

### C. New and Recycled Claims

Even if Judge Sharpe's Order had not limited Plaintiff's leave to amend to his equal protection claims, the new and recycled claims included in Plaintiff's second amended complaint, other than those which survived the screening of his amended complaint (Dkt. No. 32 at 4), fail to state a claim.

1. Section 1983 First Amendment Retaliation Claim Against Defendants Annucci, Doldo, Montroy, Moore, Nitschke, Taylor, Schaber, Dinello, Burnell, and McLaughlin (First Cause of Action)

Plaintiff alleges that the Defendants retaliated against him in violation of the First Amendment for requesting reasonable accommodations for his disabilities by altering his medical records and disability needs, denying him reasonable accommodations, denying him access to an Alternate Drug Program ("ADT"), and denying him transfer to attend programs while receiving appropriate medical needs. (Dkt. No. 37 at ¶¶ 16-17.)

A retaliation claim under § 1983 may not be conclusory and must have some basis in specific facts that are not inherently implausible on their face. *Iqbal*, 556 U.S. at 678; *South Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98, 110 (2d Cir. 2009) "To prevail on a First Amendment retaliation claim, an inmate must establish '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff; and (3) there was a causal connection between the protected speech and the adverse action.'" *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)).

Plaintiff's conclusory assertion that he engaged in speech protected under the First Amendment, failure to allege facts showing retaliatory conduct specific to each Defendant, and

failure to allege facts plausibly showing a causal connection between protected speech and adverse action specific to each Defendants fails to state a claim for retaliation against any of the Defendants.  Moreover, the allegedly retaliatory actions, to the extent they are not included in the surviving claims, have already been dismissed either upon initial review or upon the screening of Plaintiff's amended complaint.  (*See* Dkt. Nos. 4 and 32.)

>  2.   Section 1983 Claim for Violation of Plaintiff's Fifth Amendment Rights Against Defendants Annucci, Doldo, Montroy, Moore, Nitschke, Taylor, Schaber, Dinello, Burnell, and McLaughlin (Second Cause of Action)

Plaintiff alleges in his Fifth Amendment claim that his due process rights were denied when Defendants denied him the ability to receive the required programming for early release, which resulted in an illegal extension of his incarceration for 233 days without due process. (Dkt. No. 37 at 10-11.)  Plaintiff asserted the same claim in his original complaint. (Dkt. No. 1 at ¶ 19.)  On initial review the claim was properly treated as one for violation of his rights to due process under the Fourteenth Amendment.  (Dkt. No. 4 at 14-16.)  The District Court noted that "[i]t is well-settled that an inmate has no constitutionally protected liberty interest in parole, or other conditional release from prison, prior to the expiration of a valid sentence." *Id*. at 15 (citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)).  The District Court further noted that courts in the Second Circuit had concluded that inmates have "no constitutional right to discretionary good time release, or to participation in prison programs which might expedite release." *Id*. (quoting *Fifeld v. Eaton*, 669 F. Supp. 2d 294, 297 (W.D.N.Y. 2009) (citations omitted)).

The Court finds that inasmuch as the claim was dismissed upon initial review of the original complaint for failure to state a claim, it cannot be resurrected simply by relabeling it as a Fifth Amendment claim.  (Dkt. No. 4 at 14-16)

9

> 3. Section 1983 Claim for Violation of Plaintiff's Sixth Amendment Rights Against Defendants Annucci, Doldo, Montroy, Moore, Nitschke, Taylor, Schaber, Dinello, Burnell, and McLaughlin (Third Cause of Action)

Plaintiff also complains of the allegedly illegal extension of his incarceration for 233 days in his Third Cause of Action alleging violation of his rights under the Sixth Amendment. The claim is defective for the same reasons as the claim asserted in his Second Cause of Action. (Dkt. No. 37 at ¶¶ 26-28.)

> 4. Section 1983 Claim for Violation of Plaintiff's Eighth Amendment Rights Against Defendants Annucci, Doldo, Montroy, Moore, Nitschke, Taylor, Schaber, Dinello, Burnell, and McLaughlin (Fourth Cause of Action)

In his Fourth Cause of Action, Plaintiff claims that the denial of reasonable accommodations, causing him pain, suffering, surgery, additional permanent disability, and an extended period of incarceration constituted cruel and unusual punishment in violation of his rights under the Eighth Amendment. (Dkt. No. 37 at 29-32.) This is also a recycled claim.

The Eighth Amendment conditions of confinement claims against Defendants Doldo, Montroy, Moore, Nitschke, Taylor, and Schaber in Plaintiff's original complaint survived initial review. (Dkt. Nos. 1 at ¶ 17; 4 at 12-13.) Defendants thereafter filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 16.) The only Eighth Amendment conditions of confinement claim not dismissed on the motion to dismiss was Plaintiff's conditions of confinement claim related to the Alcohol and Substance Abuse Treatment program dorm ("ASAT dorm") asserted against Defendants Doldo, Nitschke, and Taylor.[5] (*see* Dkt. Nos. 19 at 22; 28 at 2-3.)

---

[5] Doldo's Rule 12(b)(6) motion to dismiss the claim was denied. (Dkt. No. 28.) Nitschke and Taylor did not seek dismissal of the claims in the Rule 12(b)(6) motion. (*See* Dkt. No. 16-1.)

Even if the Court were to consider Plaintiff's attempt to revive the previously dismissed Eighth Amendment conditions of confinement claims, despite the claim being outside the scope of Judge Sharpe's leave to amend, the Court concludes that Plaintiff has not corrected any of the deficiencies that led to the previous dismissal of a majority of the Eighth Amendment conditions of confinement claims.

> 5. <u>Section 1983 Claim for Violation of Plaintiff's Fourteenth Amendment Rights Against Defendants Annucci, Doldo, Montroy, Moore, Nitschke, Taylor, Schaber, Dinello, Burnell, and McLaughlin (Fifth Cause of Action)</u>

Plaintiff's Fifth Cause of Action for violation of his Fourteenth Amendment due process rights is repetitive of other claims in his second amended complaint regarding denial of reasonable accommodations and by extension denial of required programs for early release that have been rejected herein by the Court. Furthermore, as discussed above, Plaintiff's equal protection claim mentioned in the Fifth Cause of Action fails to correct the deficiencies in the claims in his amended complaint.

> 6. <u>Violation of the ADA and Rehabilitation Act by Defendants Annucci, Doldo, Montroy, Moore, Nitschke, Taylor, Schaber, Dinello, Burnell, and McLaughlin (Sixth and Seventh Causes of Action)</u>

The claims in Plaintiff's original complaint for violation of the ADA and Rehabilitation Act were dismissed against all Defendants in their individual capacities upon initial review on the grounds that "neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits." *Garcia v. S.U.N.Y. Health Sciences Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001) (internal quotation marks omitted). Although the proper defendant under the provisions is the public entity providing program or otherwise discriminating against the Plaintiff, the Second Circuit has held that the claims can proceed against a state official in his official capacity. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 289 (2d Cir. 2003).

Plaintiff's ADA and Rehabilitation Act claims have been allowed to proceed against Annucci in his official capacity and remain a part of the lawsuit. *Id.* Established law cited above precludes Plaintiff from attempting to resurrect his individual capacity claims against the other Defendants.

## IV.    CONCLUSION

The Plaintiff was granted leave to amend his amended complaint solely with regard to the equal protection claims he attempted to plead for the first time in his amended complaint. (Dkt. No. 37 at 3-4.) Plaintiff's attempt at amending his equal protection claims has failed to correct the deficiencies noted in the dismissal of those claims on initial review of his amended complaint, leading the Court to recommend that in accordance with Judge Sharpe's Order, the action now be dismissed with prejudice against Defendants Montroy, Moore, and Schaber. *Id.*

Moreover, as discussed above, Plaintiff has also unsuccessfully attempted to bring in a dismissed party, add a new party, add new claims, and resurrect previously dismissed claims in the second complaint. In addition, while Plaintiff has included factual allegations regarding Dinello's failure to take appropriate action with regard to Plaintiff's footwear and referring Plaintiff for outside treatment (Dkt. No. 37 at ¶ 12), he has not set forth his Eighth Amendment medical indifference claim against Defendant Dinello, which has survived prior review, as a cause of action in his second amended complaint. Thus, if Plaintiff's second amended complaint were accepted for filing and thereby superseded Plaintiff's amended complaint, there is some risk that his claim against Defendant Dinello could be lost. *See Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

In light of the foregoing, the Court recommends that the District Court reject the filing of Plaintiff's second amended complaint, and that Plaintiff's amended complaint, as limited by Judge Sharpe's Order of December 21, 2018, remain the operative pleading, leaving Plaintiff's remaining claims as: (1) ADA and Rehabilitation Act Claims against Defendant Annucci solely in his official capacity; (2) Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendants Doldo, Nitschke, and Taylor; and (3) Eighth Amendment medical indifference claim against Defendant Dinello. (Dkt. No, 32 at 4.)

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that the District Court reject the filing of Plaintiff's second amended complaint (Dkt. No. 37); and it is further

**RECOMMENDED** that the action be dismissed with prejudice against Defendants Montroy, Morse, and Schaber; and it is further

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 27), as limited by Judge Sharpe's Order of December 21, 2018 (Dkt. No. 32), remain the operative pleading, leaving as Plaintiff's sole remaining claims: (1) ADA and Rehabilitation Act claims against Defendant Annucci solely in his official capacity; (2) Eighth Amendment conditions of confinement claim related to the ASAT dorm against Defendants Doldo; and (3) Eighth Amendment medical indifference claim against Defendant Dinello.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6] Such objections shall be filed with the Clerk of the

---

[6] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed

Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: May 6, 2019
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).