**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**VINCENT S. LONG,**

                 **Plaintiff,**

                 v.

**ANTHONY J. ANNUCCI et al.,**

                 **Defendants.**
_____

**9:17-cv-916
(GLS/TWD)**

## ORDER

On May 6, 2019, Magistrate Judge Thérèse Wiley Dancks issued a Report-Recommendation (R&R), (Dkt. No. 41), which recommends that the court reject plaintiff *pro se* Vincent S. Long's second amended complaint, (Dkt. No. 37); that Long's amended complaint, (Dkt. No. 27), as limited by the court's December 21, 2018 Order, (Dkt No. 32), remain the operative pleading; and that the action be dismissed with prejudice against defendants M. Montroy, L. Moore, and L. Schaber. Pending before the court are Long's objections to the R&R. (Dkt. No. 43.)

The majority of Long's objections consists of wholly conclusory and generalized grievances, triggering review for clear error only. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 90CV484, 2006 WL 149049, at *4-5

(N.D.N.Y. Jan. 18, 2006).  However, Long arguably raises specific objections, which warrant *de novo* review.  *See Almonte*, 2006 WL 149049, at *3-5.

It appears that there is some confusion as to what claims and defendants remain in the action.  (Dkt. No. 43 at 4.)  Nonetheless, because Long failed to correct the pleading deficiencies identified in the court's October 25, 2017 Order, (Dkt. No. 4), his First Amendment claims, as well as any claim/claims against defendant John McLaughlin, are dismissed with prejudice.[1]  As to the dismissal of Long's Fifth Amendment claims, Long simply misapprehends the law.  As noted at the outset of this action, (Dkt. No. 4 at 14 n.14), and further explained in the R&R, (Dkt. No. 41 at 9), the Fourteenth Amendment, not the Fifth Amendment, applies to Long's due process claims because he was imprisoned in a state institution.  *See Pugliese v. Nelson*, 617 F.2d 916, 918 n.1 (2d Cir. 1980).  Thus, Long's due process claims were analyzed under the Fourteenth Amendment, and were dismissed with prejudice.  (Dkt. No. 32 at 3-4.)  Accordingly, the

---

[1] To the extent that Long "suggests" that his pleadings sufficiently "establish/identify cognizable claims" against McLaughlin and defendant P. Burnell, (Dkt. No. 43 at 4), named as such for the first time in Long's second amended complaint, (Dkt. No. 37), he has failed to meet the basic pleading standard.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

2

remaining claims are: (1) Americans with Disabilities Act of 1990 (ADA)[2] and Rehabilitation Act of 1973 (Rehabilitation Act)[3] claims against defendant Anthony J. Annucci in his official capacity only; (2) an Eighth Amendment conditions of confinement claim related to the Alcohol/Substance Abuse Treatment (ASAT) dorm against defendants N. Doldo, M. Nitschke, and Taylor; and (3) an Eighth Amendment medical indifference claim against defendant D. Dinello.

The remainder of Long's generalized objections have been reviewed for clear error only. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *4-5 (N.D.N.Y. Jan. 18, 2006). Having carefully considered the R&R, the court finds no clear error in Judge Dancks' thorough analysis, which squarely addresses Long's failures to comply with the pleading requirements set forth in Rules 8 and 15 of the Federal Rules of Civil Procedure. (Dkt. No. 41.) As such, the R&R, (Dkt. No. 41), is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 41) is

---

[2] 42 U.S.C. §§ 12132-134.

[3] 29 U.S.C. § 794.

**ADOPTED** in its entirety; and it is further

**ORDERED** that Long's second amended complaint (Dkt. No. 37) is **REJECTED**; and it is further

**ORDERED** that all claims against Montroy, Moore, Schaber, and McLaughlin are **DISMISSED with prejudice**; and it is further

**ORDERED** that Long's First Amendment claims are **DISMISSED with prejudice**; and it is further

**ORDERED** that Long's amended complaint (Dkt. No. 27) as limited by the court's December 21, 2018 Order (Dkt. No. 32) remains the operative pleading; and is further

**ORDERED** that Long's remaining claims are: (1) ADA and Rehabilitation Act claims against Annucci in his official capacity only; (2) an Eighth Amendment conditions of confinement claim related to the ASAT dorm against Doldo, Nitschke, and Taylor; and (3) an Eighth Amendment medical indifference claim against Dinello; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

November 18, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge