UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VINCENT S. LONG,
        Plaintiff

vs

ANTHONY ANNUCCI, et al
        Defendants

9:17-CV-916(GLS/TWD)

---

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Hoffmann, Hubert & Hoffmann, LLP
Terrance J. Hoffmann, Esq.,
Attorney for Plaintiff
Federal Bar Roll No.: 103770
4629 Onondaga Boulevard
Syracuse, NY 13219
Telephone: (315) 471-4107

TO:

LETITIA JAMES, Attorney General
Jorge A. Rodriguez, AAG
Attorney for the Defendants
The Capitol
Albany, NY 12224

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS | 1 |
| PROCEDURAL HISTORY | 1 |
| PRELIMINARY STATEMENT | 1 |
| POINT I<br>STANDARD OF REVIEW FOR<br>SUMMARY JUDGMENT MOTIONS | 2 |
| POINT II<br>DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL<br>NEED IN VIOLATION OF EIGHTH AMENDMENT | 3 |
| POINT III<br>PERSONAL INVOLVEMENT IN PLAINTIFF'S<br>MEDICAL TREATMENT BY DEFENDANT DINELLO | 4 |
| POINT IV<br>PLAINTIFF'S EIGHTH AMENDMENT CONDITIONS OF<br>CONFINEMENT CLAIM AGAINST DEFENDANTS,<br>NITSCHKE, TAYLOR AND DOLDO | 5 |
| POINT V<br>PLAINTIFF'S CLAIM FOR RELIEF UNDER<br>AMERICANS WITH DISABILITIES ACT AND<br>REHABILITATION ACT AGAINST ANTHONY J. ANNUCCI,<br>IN HIS OFFICIAL CAPACITY | 6 |
| POINT VI<br>DEFENDANTS ARE NOT ENTITLED TO THE<br>PROTECTION OF QUALIFIED IMMUNITY | 7 |
| CONCLUSION | 8 |

HOFFMANN, HUBERT & HOFFMANN, LLP

## TABLE OF AUTHORITIES

| | Page |
|---|---|
| *Anderson v Liberty Lobby, Inc* 477 U. S. 242 | 2 |
| *Brandon v Kinter*, 938 F. 3d 21 (2d Cir 2019) | 8 |
| *Brock v Wright*, 315 F.3d 158, 164 (2d Cir. 2003) | 6 |
| *Celotex v Catrell*, 477 U. S. 317 | 2 |
| *Cole v Artuz*, 2000WL760749 (SDNY June 12, 2000) | 3 |
| *Colon v Coughlin*, 58 F. 3d 865 (2d Cir 1995) | 4 |
| *Estelle v Gamble*, 429 U. S.97 (1976) | 3 |
| *Farmer v Brennan*, 511 U. S. 825 (1994) | 4 |
| *Hathaway v Coughlin*, 37 F. 3d 63(2d Cir. 1994) | 3 |
| *H'Shaka v O'Gorman* 444 F. Sup 3d 355 (NDNY 2020) | 8 |
| *Jabbar v. Fischer*, 683 F. 3d 54,57 (2d Cir. 2012) | 6 |
| *Pennsylvania Dept of Corrections v Yeskey*, 524 U. S. 206 | 7 |
| *United States v Georgia*, 546 U. S. 151 | 7 |
| Fed. R. Civ P. 56(a). | 1,2 |
| Fed.R. Civ. P. 56 (a), [c],[e] | 2 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS

Plaintiff's response to Defendants' Statement of Facts is set forth in a separate document entitled "Response to Defendants' Statement of Material Facts" , as well as the Declaration of Plaintiff's expert, William J. Murray, dated August 30, 2022.

## PROCEDURAL HISTORY

Plaintiff agrees that the procedural history set forth in Defendants' Memorandum of Law is an accurate statement and offers no objection.

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of the Plaintiff in opposition to the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (a) seeking dismissal of Plaintiff's Amended Complaint.

The Plaintiff has raised genuine issues of material facts in dispute in this litigation that should be decided by the trier of facts and not by the Court pursuant to the Summary Judgment Motion process.

After prior Motion practice, the Plaintiff, acting pro se, has been allowed by this Court to proceed on three separate and distinct causes of action; more specifically, (1) the cause of action for an Eighth Amendment medical indifference claim against Defendant, David Dinello, (2) a cause of action for Eighth Amendment for Conditions of Confinement against Defendants Nunzio Doldo, Michelle Nitschke and Alston Taylor and (3) a claim against Defendant, Anthony J. Annucci, in his official capacity as Acting Commissioner of "DOCCS" for Americans with Disabilities Act and Rehabilitation Act claims.

It is Plaintiff's contention that he has satisfied each and every element necessary to pursue each of these claims and to withstand Defendants' current Motion for Summary Judgment as to all three of these claims.

## POINT I

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT MOTIONS

Summary Judgment is a drastic remedy and should only be invoked if the movant demonstrates unequivocally that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ P. 56(a). A dispute of fact is genuine if the evidence on the record is such that it would permit a reasonable jury could return a verdict for the non-movant. ***Anderson v Liberty Lobby, Inc.***, 477 U. S. 242. Summary Judgment should not be granted where there is any doubt as to the existence of a triable issue of fact.

The movant bears the burden and responsibility of presenting convincing evidence that is not disputed by the non-movant, which demonstrates to the Court the absence of any genuine issue of material fact. It is only after the movant has presented such convincing evidence and that the movant has met its initial burden that the non-movant must come forward with specific facts demonstrating an issue or issues of material fact necessitating a trial. ***Celotex v Catrell***, 477 U. S. 317, Fed.R. Civ. P. 56 (a), [c],[e].

## POINT II

## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED IN VIOLATION OF EIGHTH AMENDMENT

In order to establish an Eighth Amendment claim arising out of inadequate medical treatment, a prisoner must prove deliberate indifference to his serious medical needs. See **Estelle v Gamble**, 429 U. S. 97 (1976). The deliberate indifference standard involves an objective and well as subjective element. **Hathaway v Coughlin**, 37 F. 3d 63 (2d Cir. 1994).

The objective test requires the Plaintiff to allege and provide proof that the deprivation involved a deliberate indifference to a serious medical need. The record in this case supports the fact that while the Plaintiff was at Cape Vincent Correctional Facility, and indeed long before he was incarcerated in that Facility, he was experiencing chronic plantar fasciitis in both feet which was initially treated at Altona Correctional Facility in 2004 when Plaintiff was issued custom molded orthotic boots, which had adequately treated his condition.

The Defendants in this case have presented no argument that Plaintiff's medical condition was not serious. In fact, Defendant Dinello acknowledged in his Declaration in support of Defendants' Summary Judgment Motion that Plaintiff was experiencing severe plantar fasciitis in October 2014. See Dinello Declaration, dated June 24, 2022, page 3 ¶19, Document 108 (1); **Cole v Artuz**, 2000 WL 760749 (SDNY June 12, 2000)

As to the subjective requirement, the burden on the Plaintiff is to produce some evidence that the healthcare provider(s) knowingly and intentionally rendered improper treatment. Plaintiff can satisfy this element by showing that the Defendant Dinello

knew of and disregarded an excessive risk to the Plaintiff's health. See **Farmer v Brennan**, 511 U. S. 825 (1994); Declaration of Jeffrey Kahn, M. D., dated September 6, 2022.

Defendant Dinello admitted that he reviewed Plaintiff's DOCCS medical records and that on four occasions between September 2014 and March 2015, he denied medical treatment to the Plaintiff, including custom molded orthotic boots even though the treatment recommended by Plaintiff's then treating facility doctor, Manuel Palao, M. D. See Dinello Declaration, dated June 24, 2022, Document 108 (1).

## POINT III

## PERSONAL INVOLVEMENT IN PLAINTIFF'S MEDICAL TREATMENT BY DEFENDANT DINELLO

There are a number of ways in which a named Defendant may be personally involved in an Eighth Amendment violation, including a claim based upon deliberate indifference to a serious medical need. One of the obvious ways that a named Defendant is personally involved is when the named Defendant directly participated in denying necessary medical care. See **Colon v Coughlin**, 58 F. 3d 865 (2d Cir 1995).

In the case at bar, on the one hand Defendant Dinello claims that he did not directly treat the Plaintiff while on the other hand he admits that he made decisions denying medical intervention for the benefit of the Plaintiff recommended by his own subordinate Facility physician and instead directed alternate treatment that was totally ineffective to relieve the constantly worsening physical pain being endured by the

Plaintiff both from his chronic plantar fasciitis, as well as his severe osteoarthritis. See Dinello Declaration, dated June 24, 2022, pages 2-4, Document 108 (1)

Based upon these undisputed facts, it appears beyond caval that Defendant Dinello was personally involved in determining the course and scope of Plaintiff's medical treatment.

Based upon the forgoing, Plaintiff avers that he has raised substantial questions of material facts regarding his claim of deliberate indifference to a serious medical condition that cannot be decided pursuant to Defendants' Summary Judgment Motion, but should be decided by the trier of facts, and therefore, Plaintiff requests that the Court deny Defendant Dinello's Motion for Summary Judgment.

## POINT IV

### PLAINTIFF'S EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM AGAINST DEFENDANTS NITSCHKE, TAYLOR AND DOLDO

Plaintiff's factual allegations regarding the personal involvement of each of these Defendants, as well as the facts and circumstances supporting Plaintiff's claim that these Defendants violated the Eighth Amendment to the U. S. Constitution as related to the conditions of Plaintiff's confinement resulting in his being transferred to and remaining in the ASAT Dorm from June 21, 2015 until August 10, 2015 are set forth in the Declarations of the Plaintiff, as well as Plaintiff's expert, William J. Murray. See Declaration of Plaintiff, dated August 31, 2022, page 6, ¶26, ¶28 and page 7 ¶ 30, ¶31. See also Declaration of William J. Murray, dated August 30, 2022, page 6, ¶s24-25,

Page 7, ¶s26-28, Page 8, ¶s 29-32, page 9 ¶s33-34, page 10, ¶ 36 and page 11, ¶ 40.

The allegations in the Declarations of the Plaintiff and William Murray not only create a question of fact as to the Defendants' personal involvement in Plaintiff's conditions of confinement, but also present factual allegations that these Defendants disregarded an excessive risk to Plaintiff's health or safety regarding his assignment to the ASAT Dorm for six and one-half weeks. See *Jabbar v. Fischer*, 683 F. 3d 54,57 (2d Cir. 2012); *Brock v Wright*, 315 F.3d 158, 164 (2d Cir. 2003).

### POINT V

### PLAINTIFF'S CLAIM FOR RELIEF UNDER AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT AGAINST ANTHONY J. ANNUCCI, IN HIS OFFICIAL CAPACITY

Inasmuch as Plaintiff's claims that have been restricted by the Court to a claim against Defendant Annucci in his official capacity, Plaintiff's surviving claim for relief under these statutes constitute a claim against DOCCS, an official arm of the State of New York. Therefore, Plaintiff respectfully requests that the Court consider all of the allegations against numerous DOCCS employees set forth Plaintiff's Amended Complaint (Docket #37) even though these employees have been dismissed from the case pursuant to this Court's Order dated November 18, 2019 (Docket #48) See also Declaration of William J. Murray, dated August 30, 2022, page 11, ¶40.

Defendants do not contest the fact that Plaintiff is a qualified individual with a disability or that Defendant Annucci in his official capacity is an entity covered by the Acts. See Defendant's Memorandum of Law, footnote 4 (Docket #108 -9)   The

Defendants also allege that Plaintiff would only be able to obtain injunctive relief.  Also, the Defendants claim sovereign immunity under the Eleventh Amendment to the Constitution.   Defendants further claim that in order for the Plaintiff to obtain relief under the "ADA" the his allegations of due process violations under the Fourteenth Amendment  relating to his placement in the infirmary were dismissed by the Court with prejudice.

The U.S. Supreme Court has recognized the validity of the statute's abrogation of State sovereign immunity in the circumstance where the actionable conduct under Title II also violates due process clause of the Fourteenth Amendment, as it incorporates the Eighth Amendment's guarantee against cruel and inhuman punishment, and has left open the question of whether abrogation would also be recognized for Title II violations that do not also invoke due process concerns under the Fourteenth Amendment.  See **United States v Georgia**, 546 U. S. 151; **Pennsylvania Dept of Corrections v Yeskey**,  524 U. S. 206.

Also, Title II includes a specific provision addressing remedies (42 USC §12133 incorporating by reference 29 USC §794 a), which clearly authorizes money damage awards in claims against public entities.

## POINT VI

### DEFENDANTS ARE NOT ENTITLED TO THE PROTECTION OF QUALIFIED IMMUNITY

A defendant is only entitled to qualified immunity if his or her alleged conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or was objectively reasonable for the defendant

to believe that his or her actions were lawful at the time of the challenged act. ***Brandon v Kinter***, 938 F. 3d 21 (2d Cir 2019).

Objectively reasonable is measured by what a reasonable person would do or not do in consideration of clearly established law.

Qualified immunity is a question of fact that should ordinarily not be decided in the context of a Summary Judgment Motion. ***H'Shaka v O'Gorman*** 444 F. Supp 3d 355 (NDNY 2020).

## CONCLUSION

Since the Plaintiff has come forward with admissible evidence demonstrating that there are relevant issues of material facts in dispute that ought to be determined by the trier of facts; and, therefore, the Defendants are not entitled to Summary Judgment as to any one of the Plaintiff's three surviving causes of action, and Defendants' Motions should be denied.

Dated: September 8, 2022

Respectfully submitted,

Hoffmann, Hubert & Hoffmann, LLP
By /s/ Terrance J. Hoffmann
Terrance J. Hoffmann, Esq.
Attorney for Plaintiff
Federal Bar Roll No.: 103770
4629 Onondaga Boulevard
Syracuse, NY 13219
Telephone: (315) 471-4107

-8-